IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DEVORIS WILLIAMS, #213941, )  ) | |
| Plaintiff, ) ) | |
| v.            ) ) | CASE NO. 2:16-CV-911-MHT [WO] |
| ) | |
| EDWARD ELLINGTON, et al., ) ) | |
| Defendants. ) | |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Devoris Williams, an indigent state inmate. In the instant complaint, Williams presents claims challenging the conditions of confinement to which he was subjected during a prior term of incarceration at the Draper Correctional Facility. Doc. 1 at 3.[1]

Pursuant to the orders of this court, the defendants filed a special report and supplements to this report supported by relevant evidentiary materials, including affidavits, prison reports and medical records, addressing the claims for relief presented by Williams. The defendants maintain these documents demonstrate that they did not act in violation of Williams' constitutional rights.

In light of the foregoing, the court issued an order directing Williams to file a response to the defendants' written reports. Doc. 23. The order advised Williams that his failure to respond to the reports would be treated by the court "**as an abandonment of**

---

[1] Williams is now incarcerated at the Donaldson Correctional Facility.

**the claims set forth in the complaint and as a failure to prosecute this action**." Doc. 23 at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. Doc. 23 at 1 (emphasis in original).  The time allotted Williams for filing a response in compliance with the directives of this order expired on February 22, 2018.  As of the present date, Williams has failed to file a response in opposition to the defendants' written reports.  The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  After such review, it is clear that dismissal of this case without prejudice is the proper course of action at this time.  Specifically, Williams is an indigent individual.  Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Furthermore, Williams' inaction in the face of the defendants' reports and evidence suggests a loss of interest in the continued prosecution of this case.  Finally, the evidentiary materials submitted by the defendants, which at this juncture are undisputed by the plaintiff, indicate that no violation of the Constitution occurred.  It therefore appears that any additional effort by this court to secure Williams' compliance would be unavailing.  Consequently, the court concludes that Williams' abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of

discretion.).  The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962).  "The district court possesses the inherent power to police its docket." *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630–31.  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo*, 864 F.2d at 102.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 6, 2018** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made.  Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.

11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 19th day of March, 2018.

    /s/Terry F. Moorer
TERRY F.  MOORER
UNITED STATES MAGISTRATE JUDGE